Tilghman C. J.
In this casé there are three'exceptions to the opinion of the Court below. Of the third, nothing need be said, as it has been'abandoned. The first exception is for the rejection of the deposition of William Hunter, offered In evidence by Alexander■ Hamilton, the defendant below. This deposition was taken under a rule of Court for taking the deposition of witnesses on reasonable notice. Notice was given on the 11th November, that Hunter’s deposition would be taken on the 13th November, at 10 o’clock in the morning. *479 The Court was of opinion that this notice was too short. In cases of this kind much depends on the practice of the Court. In the country it is not usual to do business with as much despatch as in large cities'. The usual mode of proceeding is best known to the Court below; and I should not think myself justified in saying they were wrong, unless the error was very plain. I am, therefore, of opinion that there was no error in rejecting this deposition. The second exception is to the rejection of two receipts, signed by Robert MsGuire, deceased, for money paid by the defendant. To one of these receipts, William Hunter, alone, was the subscribing witness : to the other, William Hunter and Daniel Maffet. The defendant offered these receipts in evidence, and at the same time offered, by way of introductory evidence, to prove the death of 31affet, the handwriting of Robert M'Guire and William Hunter, and .that the s,aid Hunter had gone o.ut .of the"^jurisdiction of the Court. It was decided by this Court in Clark v. Sanderson. (6 Binn. 48.) that where a subscribing witness is out of the jurisdiction of the Court, his handwriting may be proved. But the counsel for the plaintiff endeavour to distinguish this case from Clark v. Sanderson¿ because the witness, was within.the jurisdiction, of the Court, seven dáys before the trial, and was not subpcenaed. In answer to this, it is to be observed, that although William Hunter removed, with his family, to the state.of Ohio, only seven days before the trial, yet the defendant swears that he was not apprised of his intention to set off before the Court, and what is. of more consequence, the defendant-having .taken Hunter's deposition, might think it of no importance to serve a subpoena on him. At any rate, there was no great reason to suppose that aman who had given his evidence by way of deposition, would remain a week to attend the trial, after haying sold his personal property, and prepared his family for a removal to the state of Ohio, where he was going to reside. Under these circumstances, it appears to me, that the receipt to ViYñchHunter was-the only witness ought todiave been received in evidence. The judgment must, therefore, be reversed, and a venire facias de novo awarded. As tp.the other receipt to. which 31affet was also a witness, without giving a decided opinion, whether it-was evidence without. *480 proving the handwriting of Maffet, I would caution the counsel for the defendant to procure that proof before, they go on to the next trial.
Yeates J. was sick and absent.
Gibson J. concurred.
Judgment reversed, and a venire. facias de novo awai-ded.